May it please the court, my name is Stephanie Adractis and I represent the petitioner Mr. Anton Acevedo. After Mr. Acevedo successfully appealed some of his convictions, the trial court resentenced him on the remaining counts without notice to him and outside his presence. Mr. Acevedo did not find out about the resentencing until the time to file a notice of appeal from the trial court to consider on resentencing whether to stay a 25-year-to-life consecutive sentence for a possession of stolen property count. It is unknown based on the records we have whether the trial court actually considered whether it should stay the sentence or not and whether counsel were even present for those proceedings. Mr. Acevedo's trial counsel was prejudicially ineffective under the standards set forth in Roe versus Flores Ortega because he failed to consult with Mr. Acevedo about his appellate rights after the resentencing and he failed to file a notice of appeal. The district court erred in denying the claim on grounds that trial counsel could have reasonably concluded that he did not have to consult with Mr. Acevedo about the right to appeal. Under Flores Ortega, counsel was required to consult with Mr. Acevedo under two circumstances. If counsel thought that a rational defendant would want to appeal under the circumstances or secondly if counsel had if Mr. Acevedo had reasonably demonstrated to his counsel that he in fact wanted to appeal. I had a question about that. As I understand it, Flores Ortega was decided or based on the state of the law prior to ADEPA, the Death Penalty Act, being enacted and so where does the prejudice standard apply with regard to Flores Ortega now that we have a different law? Well the Roe versus Flores Ortega decided in 99 wasn't modified by the passage of the Anti-Terrorism and Effective Death Penalty Act. That only applies a standard of review. It doesn't change the substantive constitutional rule that was announced in Flores Ortega any more than for example the Strickland standard. It too was decided before the AEDPA but we still apply the Strickland standard on habeas corpus. We just asked whether it was an unreasonable application of Flores Ortega. Yes your honor and as I argued in the brief as well, there are a couple of reasons not to apply the AEDPA in this case. One being that the last reasoned decision of the state court, that of the superior court, bypassed the federal constitutional issue. It only addressed whether Mr. Acevedo... Does that just mean we conduct an independent review to determine whether there was an unreasonable application? Well your honor if the court... Which is not the same as de novo. Yes your honor under some circumstances but Wilson, the case cited in the brief 2018, that case talks about whether or not there is strong evidence that the last reasoned decision was the one of the California Supreme Court or the one of the superior court where the court decided to address the issue based only on the state law. If the court were to determine that there is not strong evidence that the California Supreme Court decided the substantive constitutional claim, we would argue that the last reasoned decision is the superior courts which deliberately bypassed the federal constitutional issue and in those circumstances... Does the outcome of your petition turn on whether or not we applied de novo or unreasonable application? No your honor because under any standard of review here this was an objectively unreasonable decision. As I understood what the magistrate judge did here was to basically assess that the potential appeal here that he could have filed basically really was not meritorious and therefore a reasonable lawyer would have thought in those circumstances it really wasn't necessary to consult. Now I may be overstating what he said. That's it your I think that's a good summary. It essentially repeats the error that was the reason that this court reversed this case in the first round because the way that the district court framed the issue was that the trial lawyer did not have to consult with Mr. Acevedo if the trial lawyer thought that there wasn't a good grounds for appeal but that's not what Flores says that counsel is supposed to Flores... Is counsel allowed not to appeal if the appeal is frivolous? This is now I'd move the standard away from the from sort of reasonable grounds for appeal to frivolity. The text of Flores Ortega would require counsel to file the notice of appeal even if trial counsel thought the appeal was frivolous so long as the he wished to appeal. And would there is then the prejudice analysis go to the questions whether it's frivolous? No your honor because Flores is very clear that the prejudice analysis has only to do with whether or not the client's right to an appellate proceeding was actually defaulted and the court looks only to would this individual have in fact appealed if he had been given the opportunity district court... And if we grant the writ on this point what's the has to entertain an appeal? Yes your honor the appellate rights that Mr. Acevedo would have had if the notice had been filed would be reinstated and he would be allowed to appeal. So let me ask you this was was the any appeal would any appeal have been frivolous? No your honor the section 654 issue that was identified in the first appeal and where the respondent and the court of appeal agreed that it was a meritorious issue is still a arguable issue the... Do we you know we look through the record we try to figure out what happened when it went back for resentencing. There's a minute order something took place but we have no idea what happened is that is there anything that reflected? There is nothing no there's nothing more than that I was able to obtain than what is in the lodge records. The correction from the 140 to the 115 do you my guess was it had to do with the concurrent versus consecutive with regard to the vehicle charge? It's hard to know because there is your honor because there is no record of the proceedings the court merely stated I am making a clerical correction so the court characterized it as being a clerical error the difference between the 140 and 115 years. So we don't know as to either of those hearings exactly what the court's reasoning was but the section 654 issue if there if Mr. Acevedo's rights were reinstated is a meritorious issue because under that section a person cannot be sentenced for the same course of conduct or for the same acts and here what we have is very arguably the same course of conduct as to the possession of stolen property counts as supported the remaining surviving burglary counts. I thought with regard to the counts the burglary accounts that were set aside that what that that the jury must have found that that property stolen property was possessed. At least that's how I made that argument however I included in the supplemental excerpts of record the instructions that were given to the jury as well as the argument that was made by the district attorney and he urged the jury not to consider any more than one piece of stolen property and he said to them in order to convict Mr. Acevedo of this charge you don't need to look at all these different separate pieces you only need to find that he possessed one piece of property so we just don't have a jury finding that he possessed all of this property they didn't need to go there in order to return a conviction and it's more reasonable to assume that they didn't. Now I see you looking at the clock don't worry you'll get a chance to respond. I want one question as to the uncertified question why what would be the point of investigating the witness Samoila? Because Mr. Acevedo's connection to all of the stolen property was established through her. She was the witness who said he gave me these things. Her testimony doesn't match up very well with dates I mean I understand it's kind of squirrely and there was some intent to impeach based on that so what else are we gonna find out? It's hard to know what counsel would have found out if he had done something that he didn't do but counsel himself made the argument in his own papers asking for appointment of investigator that it was critical for him to investigate her credibility to look into her background to find out perhaps she was the person who was stealing or obtaining the stolen property and she certainly had a strong motive and incentive to point the finger at someone else. Typically in cases that are worth a lot more money when there's IAC about failure to investigate what we get is okay here's what would have been discovered but we don't have that here. We don't your honor these incidents took place in 2002 so they're okay let's hear from the other side we'll give you a minute to respond. May it please the court I'm Matthew Mulford on behalf of the state and the warden. The magistrate judge here got the AEDPA analysis correct. It is reasonable for the state courts to find that nothing would have mattered here regarding an appeal. How do we know that? It doesn't strike me as a lamb duck winner but nor does it appear to me it's a lamb duck loser. The California Supreme Court has already addressed the sentencing issue that is the one that counsel is suggesting could be raised in a future appeal. They've already said that there's no sentencing error here. In this case? In this case and the habeas corpus petition they did it in well they said they were denied so that's so but the claims are right. And how close attention does the California Supreme Court pay when it gives the postcard denials? It's very hard to say. No it's not. I'm defending the state of California here your honor and they spend lots of time with these things they don't issue orders for my office to respond informally unless there's some attention paid and so that happened here the claims were all raised and they were denied with the word. You know let me ask you this on direct appeal on the direct appeal in the first time around yeah the state's appellate brief the state seemed to when there were seven counts of burglary and this one count of receiving stolen property the state seemed to argue or acknowledge that there was a problem and the state getting rid of four counts three are left receiving stolen one count of receiving stolen property which combined everything is left we're gonna we're not gonna really address this we're gonna let the Superior Court address it in the first instance and you basically said there might well be a problem here the State Attorney General's office what's the difference between when it went back there were three counts and there was still the one count what to convict mr. to to convict mr. Acevedo of all of the burglaries four of which were then reversed for reasons that had nothing to do with is that failure of proof correct the jury necessarily found he possessed stolen property you know that was the basis for the burglary conviction the first time around so we know that he found that he had stolen property from four people whose burglary convictions were reversed by operation of law that were unrelated to the other burglary convictions that he was convicted of they couldn't jurors who agreed that he had done the things who had done the burglary of the taking of the loot you know he had the loot that was burgled and so so he had the stolen property he had the loot and so when the burglary conviction is taken away for reasons of law he still had the loot I mean that there's no there's no nothing that has ever disproved that jury finding and based on that it was with regard only to the counts that were set aside I don't necessarily know that but I don't think it matters because we know that there were four items found from four different people that he had beyond a reasonable doubt and so when you look at was presented to the California Supreme Court and they said denied the issues already been raised and rejected so now the court expressed some puzzlement as to what happened the second time around when they went back to the Superior we're puzzled too there's a lot of things that don't make sense here I think it's important for the court to recognize though that the reasons we don't understand that is Mr. Acevedo failed to carry his burdens and so the silence in the record regarding who told him what and when and what his lawyer said and whether there was a discussion about a future appeal or whether there was no discussion about her future appeal and when he talked to there's a reference in my brief he talked in a council brief talking about there's an organization in San Diego called Appellate Defenders Incorporated and their job is to help indigent people perfect their appellate rights when there's a mistake in the Superior Court such as occurred here and there are two letters in the record from Appellate Defenders that say we're trying to help you and there's nothing more so that is very odd for me because they do good work and my office routinely does not oppose requests from them to file late notices appeal and so there's something missing here and that should be but we don't need to go there to affirm the magistrate the district court here who properly handled the question on Roe versus Flores Ortega and that's where we would ask you to affirm and with respect to the uncertified issue it's very hard to say she was impeached by counsel she was not believe the impeachment was not due to the verdicts I think so yes I think they knew that yes that's my understanding of the record I believe so I haven't prepared that issue as much as the first but that's my understanding thank you okay is there anything else one minute on the clock please thank you your honor counsel argued that the jury necessarily found that mr. Acevedo possessed stolen property as to the four remaining counts that's not correct the elements of burglary don't require any finding that mr. Acevedo possessed stolen property for purposes of returning a guilty verdict on that those counts they only were required to found to find that he entered the area unlawfully with the intent to steal or to commit another felony so there's no jury finding that he possessed stolen property that is necessarily attached to those burglary convictions the witness miss Samola did testify that she received immunity I also want to address the California Supreme Court's decision and whether or not it addressed the section 654 issue adequately when it issued its decision I'm sorry I've run out of time did you and did you may I continue oh just briefly um in order to address that issue it's it is separate from whether or not there was individual pieces of property from certain counts that survived the the after the court of appeal vacated the convictions because the standard under 654 it doesn't just look at the individual evidence it's the intent and objective of the defendant that is the issue and whether or not a 654 stay is required so what the trial court was required to do on the remand was not to parse whether or not there was particular pieces of property that were that were possessed that were attached to burglary convictions and if they matched up that that was disallowed that's not how the analysis works you're the court is to look at whether there was one overarching objective that was common to all the remaining counts and if that's true then he can only be sentenced as to one okay thank you very much I think both sides as a vehicle which is yet submitted for decision
judges: W. Fletcher, Paez, Gleason